IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**FREDERICK PAUL HERBST,**
**STEVE LOPEZ, and**
**TIM KEATON,**

      **Plaintiffs,**

vs.                                                    No. CIV 02-0202 LCS/KBM

**LINCOLN COUNTY BOARD OF COUNTY**
**COMMISSIONERS in their official capacity;**
**LINCOLN COUNTY SHERIFF TOM SULLIVAN**
**in his official capacity; LINCOLN COUNTY**
**SHERIFF DEPUTIES RICHARD ALVAREZ, KEN**
**CRAMER, AND PATRICK O'BRIEN**
**in their individual and official capacities,**

      **Defendants.**

## MEMORANDUM OPINION

**THIS MATTER** is before the Court on Defendants' Motion for Reconsideration of the Court's Ruling on their Motion for Summary Judgment and for Leave to File Supplemental Affidavit (Doc. 48), filed on December 13, 2002, and Defendants' Motion for Summary Judgment (Doc. 24), filed on July 30, 2002. The Court, acting upon consent and designation pursuant 28 U.S.C. § 636, and having considered the submissions of counsel, relevant law, and being otherwise fully advised, finds that Defendants' Motions should be **GRANTED**.

The operative facts of this case as well as the controlling precedents are set out in my Memorandum Opinion and Order of December 12, 2002. I denied Defendants' Motion for Summary Judgment because Defendant's submission of the warrants and supporting affidavits did not comply with FED. R. CIV. P. 56 (e). Defendants request leave to file the Supplemental Affidavit of Richard Alvarez, (Defs. Ex. 8), pursuant to Rule 56 (e). Plaintiffs oppose this request, on the grounds that

the affidavit is untimely, Plaintiffs would be prejudiced and that if Defendants are permitted to file the Supplemental Affidavit, Plaintiffs should be permitted to file the Affidavits of Steve Lopez, (Pls. Ex. A), and Defendants' Supplemental Report of the Response (Pls. Ex. B).[1]

"The district court clearly has discretion to permit supplemental affidavits it finds useful for summary judgment determination." *Lighton v. University of Utah*, 209 F.3d 1213, 1227 (10th Cir.2000); *see also* FED.R.CIV.P. 56(e). Defendants' Supplemental Affidavit is timely because it was submitted prior to the briefing deadline of December 30, 2002. Defendants's counsel states that he intended to attach the Supplemental Affidavit to Defendants' Reply Brief, but that it was omitted through a clerical mistake. Plaintiffs have not been prejudiced because I will also consider Plaintiffs' Exhibits A and B, which were submitted by Plaintiffs in response to Defendants' Supplemental Affidavit. Plaintiffs have raised no other objections to the search warrants and affidavits. The anticipatory search warrants and supporting affidavits may be considered because they were properly authenticated by the Supplemental Affidavit and comply with Rule 56(e).

In their Motion for Summary Judgment, Defendants argued that they are entitled to qualified immunity with respect to Plaintiffs' §1983 claims because the search warrants were supported by probable cause and the searches were authorized by the warrants. Plaintiffs contend that Defendants omitted allegedly exculpatory information from the search warrant applications because they did not inform the issuing magistrate that Plaintiffs would not have exclusive control of the vehicles, that there was no police surveillance of the vehicles, that the vehicles were left unlocked in a dimly lit, unsurveilled parking lot during the time of the alleged predicate thefts, that the policy of leaving the

---

[1] Plaintiffs' Exhibit B is a copy of the Supplemental Police Report that was already submitted as Defendants' Exhibit 5.

vehicles unlocked was well known to any employee or patron of the Theater, that there were no background checks of part-time employees and a high employee turnover rate, that 2200 vehicles per year were valet parked, that access to the parking lots was uncontrolled, and that it would have been easy for anyone who was familiar with the valet parking policy to gain access to unlocked vehicles.

In a case where the plaintiff alleges information was intentionally omitted from an affidavit, the existence of probable cause is determined by examining the affidavit as if the omitted information had been included and determining whether the affidavit would still give rise to probable cause. *Wolford v. Lasater*, 78 F.3d 484, 489 (10th Cir.1996); *Stewart v. Donges*, 915 F. 2d 572, 582-83 (10th Cir.1990). "'Only where the warrant application is so lacking in indicia of probable cause as to render official belief in its existence unreasonable . . . will the shield of immunity be lost'" *Davis v. Gracey*, 111 F.3d 1472, 1480 (10th Cir. 1997) (*citing Malley v. Briggs*, 475 U.S. 335, 344-45 (1986)). The search warrants and supporting affidavits must be examined in conjunction with the omitted facts to determine whether the warrants and affidavit would still give rise to probable cause. *Wolford*, 78 F.3d at 489; *Stewart*, 915 F.2d 582 n.13. The warrants and affidavits may be considered because they were properly authenticated by the Supplemental Affidavit and comply with Rule 56(e).

The search warrant affidavits state that Alvarez investigated a theft of a revolver from a vehicle while that vehicle was valet parked at the Theater on August 25, 2001. (Defs. Ex. 6, Attachment B ¶ 1.) During the investigation, Alvarez learned from Mr. Spur, director of operations at the Theater, that $140.00 in cash had been taken from another vehicle while that vehicle was valet parked at the Theater on August 11, 2001. (Defs. Ex. 6, Attachment B ¶ 2.) Both vehicles had been parked and/or retrieved by one of the on-duty parking attendants. (Defs. Ex. 6, Attachment B ¶ 3.) The on-duty attendants on the dates in question were Timothy Keaton, Frederick Herbst, Raymundo

Salcido and Steve Lopez. (Defs. Ex. 6, Attachment B ¶ 3.) On October 6, 2001, marked currency would be placed in two vehicles that would be driven to the performance at the Theater, valet parked and retrieved. (Defs. Ex. 6, Attachment B ¶ 4.) If the currency was found to have been taken while the vehicles were valet parked by one of the named attendants, the warrant would be executed. (Defs. Ex. 6, Attachment B ¶ 5.)

An examination of the search warrants and supporting affidavits in conjunction with the allegedly exculpatory facts demonstrates that the affidavits would have still give rise to probable cause even if the exculpatory information had been included. *Wolford*, 78 F.3d at 489; *Stewart*, 915 F.2d 582 n.13. The alleged exculpatory facts asserted by Plaintiffs are insufficient to vitiate probable cause for the issuance of the search warrants. In addition, the anticipatory warrants satisfy *United States v. Rowland*, 145 F.3d 1194 (10th Cir. 1998) because they are supported by probable cause and the supporting affidavits clearly set out the conditions precedent to the execution of the anticipatory search warrants. *Id.* 1201. Defendants are entitled to qualified immunity on Plaintiffs' claims relating to the issuance of the search warrants.

Defendants argued that they are entitled to summary judgment because the strip searches were authorized by valid warrants. Plaintiffs alleged that the strip searches violated their rights under the Fourth and Fourteenth Amendments. "There can be no doubt that a strip search is an invasion of personal rights of the first magnitude." *Chapman v. Nichols*, 989 F.2d 393, 395 (10th Cir. 1993). However, the Constitution does not forbid all searches and seizures, but only unreasonable searches and seizures. *Terry v. Ohio*, 392 U.S. 1, 9 (1968). A balancing test must be employed in order to determine whether a search was reasonable:

> The test of reasonableness under the Fourth Amendment is not

4

> capable of precise definition or mechanical application. In each case it requires a balancing of the need for the particular search against the invasion of personal rights that the search entails. Courts must consider the scope of the particular intrusion, the manner in which it is conducted, the justification for initiating it, and the place in which it is conducted."

*Bell v. Wolfish*, 441 U.S. 520, 559 (1979).

"The test is fact-specific, 'measured in objective terms by examining the totality of the circumstances.' *Nelson v. McMullen*, 207 F.3d 1202, 1206 (10th Cir. 2000) (quoting *Ohio v. Robinette*, 519 U.S. 33, 39 (1996)).

The strip searches were conducted pursuant to valid warrants. The object of the search, eleven bills, was small and could have been secreted under clothing. Defendant Alvarez asked Plaintiffs to empty their pockets and performed pat down searches before conducting the strip searches. Defendant Alvarez conducted the strip searches of the Plaintiffs one-by-one, inside a semi-private office with no one else present. The strip searches were not performed by members of the opposite sex. The searches were justified because the bait money was missing, and there had been prior thefts, including the theft of a firearm, from valet parked vehicles at the Theater. Under the totality of the circumstances, the need for the strip searches under these circumstances outweighed the personal rights of Plaintiffs. The searches were reasonable in their scope, manner, justification and location. Defendants are entitled to qualified immunity on the claims relating to the strip searches.

Plaintiffs allege that they were detained for two hours without probable cause. A search warrant based probable cause implicitly carries with it the limited authority to detain the subjects of the warrant while a proper search is conducted. *Michigan v. Summers*, 452 U.S. 692, 705 (1981).

Because the anticipatory search warrants were valid and the searches were properly executed, Plaintiffs rights were not violated. Accordingly, Defendants are entitled to qualified immunity.

**VI.     Conclusion.**

Upon review of the evidence presented, the Court has determined that Defendants' Motion for Reconsideration of the Court's Ruling on their Motion for Summary Judgment and for Leave to File Supplemental Affidavit (Doc. 48), filed on December 13, 2002, and Defendants' Motion for Summary Judgment (Doc. 24), filed on July 30, 2002, should be **GRANTED**.

**A SUMMARY JUDGMENT CONSISTENT WITH THIS MEMORANDUM OPINION WILL ISSUE.**

_____
**LESLIE C. SMITH**
**UNITED STATES MAGISTRATE JUDGE**